UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,
   Plaintiff,

No. 1:08-cv-945

-v-

HONORABLE PAUL L. MALONEY

TAMMY CHURCH, CHARLES DAVIS,
AND THE UNITED STATES OF AMERICA,
   Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Mortgage Electronic Registration Systems (MERS) filed a motion (Dkt. No. 48) for reconsideration.

The underlying dispute concerns the priorities of two interests on real property. Defendant Church owns property on Torch Lake Drive in Antrim County, Michigan. Plaintiff MERS holds a mortgage on that property. The mortgage was executed on August 2, 2006 and the money was used to pay off an earlier mortgage, along with a judgment lien and delinquent taxes. The lien was recorded on August 19, 2006 in Kalkaska County rather than Antrim County. On August 28, 2006, the United States recorded a Notice of Federal Tax Lien (NFTL). Plaintiff eventually discovered its recording error and properly recorded its mortgage in Antrim County on October 18, 2007.

In an earlier opinion and order, this court granted a motion for summary judgment filed by Defendant United States. Among the issues resolved, the court determined Plaintiff was not entitled to equitable subrogation of its mortgage. Plaintiff requests the court reconsider whether the doctrine of equitable subrogation applies. Plaintiff asserts two lines of argument: (1) Michigan Supreme Court precedent requires the application of equitable subrogation, and (2) the unique and unusual facts of the case require equitable subrogation.

STANDARD OF REVIEW

Plaintiff has not identified any particular court rule as authority for its motion. Under the Local Rules of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and shows that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a). A motion for reconsideration will be denied where the issues raised by the moving party have already been raised and ruled upon by the court, either expressly or by reasonable implication. *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). The Federal Rules of Civil Procedure also provide authority for a motion for reconsideration. A party may file a motion for relief from a judgment or order under Rule 60. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004).

ANALYSIS

A. Michigan Supreme Court Precedent

Plaintiff contends the holdings in two Michigan Supreme Court cases apply here, *Smith v. Sprague*, 244 Mich. 577, 222 N.W. 207 (1928) and *Walker v. Bates*, 244 Mich. 582, 222 N.W. 209 (1928). In both cases, the state supreme court applied the doctrine of equitable subrogation to parties who provided money to pay off a debt, even though the parties did not have a prior interest

in the property that was subject to the debt. Plaintiff distinguishes a subsequent opinion issued by the Michigan Supreme Court in *Lentz v. Stoflet*, 280 Mich. 446, 273 N.W.763 (1937). In *Lentz*, the court held the mortgage refinancer was not entitled to equitable subrogation.

This court must examine state law to determine whether equitable subrogation applies. *See* 26 U.S.C. § 6323(i)(2); *Van Dyk Mortgage Corp. v. United States*, 503 F.Supp.2d 876, 879 (W.D. Mich. 2007). When applying state law, a federal court anticipates how the relevant state's highest court would rule in the case and is bound by the controlling decisions of that court. *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) (citing *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)). In anticipating how the state supreme court would rule, "we look to the decisions of the state's intermediate courts unless we are convinced that the state supreme court would decide the issue differently." *Melson v. Prime Ins. Syndicate, Inc.*, 429 F.3d 633, 636 (6th Cir. 2005) (citing *United of Omaha Life Ins. Co. v. Rex Roto Corp.*, 126 F.3d 785, 789 (6th Cir. 1997)). Under Michigan law, courts are "obligated to follow the most recent pronouncement of the Supreme Court on a principle of law." *Washington Mutual Bank, F.A. v. Shorebank Corp.*, 267 Mich. App. 111, 119, 703 N.W.2d 486, 491 (2005).

This court noted in its earlier opinion that several courts have issued opinions in which they discuss, at some length, Michigan Supreme Court cases involving the intersection of subrogation, mortgages, and volunteers. *See Van Dyk*, 503 F.Supp.2d at 880-884; *Ameriquest Mortgage Co. v. Alton*, 273 Mich. App. 84, 94-100, 731 N.W.2d 99, 106-108 (2006); *Washington Mututal*, 703 N.W.2d at 488-492. Both *Ameriquest*[1] and *Washington Mutual* conclude *Lentz,* rather than *Walker,*

---

[1]The Michigan Court of Appeals convened a special panel in *Ameriquest* to resolve a purported conflict between two earlier opinions, *Washington Mutual* and *Ameriquest Mortgage Co. v. Alton*, 271 Mich. App. 424, 726 N.W.2d 801 (2006), vacated in part, 271 Mich. App. 801

3

is controlling precedent on this issue. *Ameriquest*, 731 N.W.2d at 106-107; *Washington Mutual*, 703 N.W.2d at 490-491. Based on the reviews of Michigan Supreme Court cases in those two opinions, and on a review of the same cases by this court, the *Walker* holding is best understood as an anomaly, and the rule in Michigan is that a party with no preexisting interest in real property, who loans money to another to pay off an existing mortgage, is not entitled to the application of equitable subrogation because that party is a mere volunteer.[2] *See Ameriquest*, 731 N.W.2d at 491. *See also Lentz*, 273 N.W. at 767 (Potter, J. concurring) ("This case stands alone. It violates all the principles underlying the cases involving legal or conventional subrogation in England and America. It is not precedent to be followed, but an accident to be avoided.").

B. Unique Facts Require Equitable Relief

Plaintiff believes this court may have applied the letter of the law without careful consideration of the basis for the request for equitable relief. Plaintiff insists equitable subrogation should be applied in order to avoid an unjust outcome. Plaintiff claims to be an innocent victim of circumstance. The Kalkaska County Register of Deeds accepted the recorded mortgage. Defendant United States had not filed any lien when the mortgage was executed. The United States stands to benefit from an unearned windfall.

<u>To be clear, Plaintiff's error is the very cause of this lawsuit</u>. Plaintiff recorded its mortgage in the wrong county. But for Plaintiff's mistake, there would be no dispute about the priorities of

---

(2006).

[2]In *Washington Mutual*, the court noted Justice Sharpe authored the opinions in both *Walker* and *Lentz*, but "reached the opposite result . . . despite a similarity in facts" and "did not cite his previous opinion in *Walker*, much less explain how it was distinguishable from *Lentz*." 703 N.W.2d at 490.

4

the mortgage and the tax lien. Defendants are thus victims of Plaintiff's mistake. Had Plaintiff recorded its mortgage in the proper county, neither Defendant Church nor Defendant United States would be subject to this lawsuit. When viewed in this light, Plaintiff is not entitled to equitable subrogation. Rather than the innocent bystander who is a victim of circumstance, Plaintiff caused the problem it now asks the court to correct.

Plaintiff asserts its mistake was understandable because the "Church mortgage set forth a property address of 10329 SW Torch Lake Dr., Rapid City, Michigan. Rapid City is located in Kalkaska County." (Plaintiff's Br. 5.) Plaintiff's statement is correct, but incomplete. Plaintiff overlooks the fact that the legal description of the property, contained in its mortgage (Compl. Ex. B; Resp. Br. Ex. 2 to Ex. D.) identifies the property as lot 19 in a plat recorded in Antrim County. The sheriff's deed and the affidavit to expunge the sheriff's deed, submitted as exhibits B and C to Plaintiff's response brief, state that the documents were recorded in Antrim County and contain the same legal description of the property. While the mistake may be understandable, that does not mean Plaintiff is entitled to equitable subrogation.

For these reasons, Plaintiff has not established any palpable defect, any mistake, or any other reason to justify the relief requested. Plaintiff's motion (Dkt. No. 48) for reconsideration is **DENIED. IT IS SO ORDERED.**

Date: November 12, 2009 /s/ Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                      Chief United States District Judge